UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Benjamin Cunningham,

        Plaintiff

AGAINST

Timothy J. O'Callaghan & Etc.,

        Defendants

Notice of Motion
Requesting Disciplinary
Proceedings Against
Peter M. Skinner, AUSA
05 Civ. 10169 (DAB)

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/3/09

PLEASE BE ADVISED that I, Benjamin Cunningham, am pro-se plaintiff in this legal matter and I am requesting for Judge Deborah A. Batts, USDJ, to commence immediate disciplinary proceedings against Peter M. Skinner, AUSA, who is defendants' former assigned lawyer, for filing (2) misleading statements and (1) perjured affidavit in to Judge Batts' federal proceedings which concerns the following:

MEMO ENDORSED



COPY RECEIVED
JUL 27 2009
U.S. ATTORNEY'S SDNY

(1)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Benjamin Cunningham,

        Plaintiff

AGAINST

Timothy J. O' Callaghan & Etc.,

        Defendants

Affidavit In Support Of
Notice Of Motion
Requesting Disciplinary
Proceedings Against
Peter M. Skinner, AUSA
05 Civ. 10169 (DAB)

---

New York State
County Of Bronx) SS:

    I, Benjamin Cunningham, am pro-se plaintiff and I make this affidavit under the penalty of perjury in New York State to Judge Deborah A. Batts, USDJ, requesting for disciplinary proceedings to commence soon as possible against defendants' former lawyer, Peter M. Skinner, AUSA, for filing (2) misleading statements and (1) perjured affidavit in to Judge Batts' federal proceedings which concerns the following:



Since the plaintiff's civil action commenced against defendants; the United States Attorney General's office has originally assigned Mr. Peter M. Skinner, AUSA, to represent all federal marshal defendants in this civil case.

Mr. Skinner filed an ANSWER complaint against the plaintiff's complaint which denied the facts about the defendants were in plaintiff's house; plaintiff's home was searched; defendants caused plaintiff to be injured by a New York City's MTA bus and defendants ordering the MTA bus driver to drive away without filing an accident report.

Mr. Skinner filed Timothy J. O' Callaghan's Declaration dated June 14, 2006 which contains perjured statement "I did not have supervisory responsibility for any of the Task Force members who conducted a search of Benjamin Cunningham's home on November 29, 2005."

Mr. Skinner filed an ANSWER complaint dated October 5, 2006 against the plaintiff's amended complaint which explains about defendants "were in the vicinity of plaintiff's home at the time of the events underlying plaintiff's complaint. The Government does not concede that any of these individuals committed or were present for any of the acts alleged in the complaint."

## THE EVIDENCE:

Timothy J. O' Callaghan's declaration dated June 14, 2006 clearly is legal evidence which shows that Mr. Skinner "willfully" lied in his ANSWER complaint by denying facts that plaintiff's home was searched by defendants made against the plaintiff's complaint.

Furthermore defendant O' Callaghan's declaration dated June 14, 2006 is extra legal evidence which shows how Mr. Skinner "willfully" lied in his ANSWER complaint dated October 5, 2006 by not conceding that the plaintiff's home was searched by defendants made against plaintiff's AMENDED complaint.

Right here is where Mr. Skinner willfully misled Judge Batts' decision makings before and after defendant O' Callaghan's declaration dated June 14, 2006 was filed into Judge Batts' proceedings. Mr. Skinner always knew about the plaintiff's home was searched by defendants since the commencement of plaintiff's civil case.

Mr. Skinner always knew about remaining defendants testifying under a federal agency's oath in Washington DC about defendant O' Callaghan was their lead investigator/supervisor during March/2006 while Mr. Skinner filed defendant O' Callaghan's declaration dated June/2006 which denied supervisor lead police role.

(4)

Under the 14th amendment Mr. Skinner should be sent by Judge Batts to the Southern District's Grievance Committee just as much as Mr. Gary S. Fish's misconduct.

Mr. Skinner's actions shows a big disrespect for Judge Batts and the entire federal court system because Mr. Skinner's AUSA status represents the federal law and professional standards that is clearly outlined in the Second Circuit Court's professional conduct rules. If Mr. Skinner has knowledge about defendants being guilty of any crimes on November 29, 2005 made against the plaintiff's home or body then Mr. Skinner should have filed civil rights/criminal charges against defendants.

Instead Mr. Skinner has condoned defendant O' Callaghan's declaration dated June/2006 making perjured statement which denied fact about being remaining defendants' lead investigator/supervisor to Judge Batts. Judge Batts' decision dated August/ 2006 dismissed the plaintiff's civil case against defendant O' Callaghan in part due to defendant O' Callaghan's perjured statement.

WHEREFORE. Plaintiff hereby request that Judge Batts commence immediate disciplinary proceedings against Mr. Peter M. Skinner for his personal willful role into misleading Judge Batts' decision dated August/2006 dismissing the plaintiff's civil case against defendant Timothy J. O' Callaghan.

MEMO ENDORSED

*denied*
*DAB*
*8/4/09*

SO ORDERED

*Deborah A. Batts* 8/4/09
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

RESPECTFULLY,

*[signature]*

(5)