USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
BENJAMIN CUNNINGHAM,
                Plaintiff,

                                                  05 Civ. 10169 (DAB)
      -against-                                ORDER

UNITED STATES MARSHALS SERVICE ET AL,

                Defendants.
------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    The Court is in receipt of a number of letters and motions from pro se Plaintiff Benjamin Cunningham in the above-captioned matter. The Court is in receipt of: (1) Plaintiff's Motion filed July 17, 2009 (Docket # 57), requesting that the Court initiate disciplinary proceedings against his former attorney, Gary S. Fish; (2) Plaintiff's Notice of Motion to Restore Defendant Timothy J. O'Callaghan to this case (Docket # 63), filed August 11, 2009; (3) Plaintiff's Notice of Motion to Reconsider the Court's August 4, 2009 denial of Plaintiff's Motion for disciplinary proceedings against AUSA Peter M. Skinner (Docket # 64), filed August 11, 2009, and a letter in support of that Motion dated August 14, 2009; and (4) Plaintiff's Motion to Compel Defendants to Provide (3) Federal Marshals' Names for Discovery Purposes (Docket # 65), filed August 13, 2009. The Court is further in receipt of and has reviewed additional letters from Plaintiff dated May 21, 2009, June 30, 2009, July 23, 2009, August 3, 2009, and August 4, 2009 regarding these and

other matters. Defendants have not responded to Plaintiff's motions.

1.  <u>Plaintiff's Motion for Disciplinary Proceedings Against Gary S. Fish</u>

Plaintiff submits his Motion for disciplinary proceedings against Gary S. Fish (Docket # 57) pursuant to two decisions by the Southern District of New York Grievance Committee dated September 14, 2007 and July 7, 2008, and an Order of the Second Circuit Court of Appeals dated November 21, 2008 (<u>In re Gary S. Fish</u>, 08-90121-am), each denying Plaintiff's request to investigate Mr. Fish's alleged misconduct, and directing Plaintiff to bring his allegations to this Court to consider the referral of Mr. Fish to the Grievance Committee. Plaintiff alleges, specifically, that Mr. Fish filed submissions to the Court "WITHOUT Plaintiff's consent" and that "Plaintiff only learned about such legal submissions" upon this Court's July 18, 2007 Memorandum and Order dismissing Plaintiff's case. (Plaintiff's Affidavit Requesting Disciplinary Proceedings Against Gary S. Fish at 2.)

This Court is well aware of the many mistakes made by Plaintiff's former attorney, Mr. Fish in failing to prosecute this action on Mr. Cunningham's behalf. In an Order dated May

2

18, 2007, the Court denied a Motion for Default Judgment submitted by Plaintiff's attorney and granted Defendants' Cross-Motion to Dismiss for insufficiency of service of process. In that Order, the Court explained that:

> "Plaintiff's counsel has been consistent throughout the course of this litigation in failing to comply with the Court's Individual Practices, the provisions of the Local Rules of the United States District Court for the Southern District of New York ("Local Civil Rules") and the Federal Rules of Civil Procedure. For instance, a review of the docket sheet in this matter and of the Court's files indicates that Plaintiff never completed the filing of his Amended Complaint. . . . Plaintiff's counsel also telephoned Chambers several times over the course of the last few months and requested guidance from the Court's Law Clerks regarding filing requirements for motions and other procedural matters that are governed by the Court's Individual Practices, Local Civil Rules or the Federal Rules of Civil Procedure. Such conduct contravenes Rule I.A. and I.B. of the Court's Individual Practices. . . .
> Plaintiff's counsel's disregard for the rules governing the course of civil litigation before this Court seriously imperils his client's case."

The Court granted Defendants' Cross-Motion to Dismiss without prejudice for insufficiency of process, giving Plaintiff's attorney "one more opportunity to do things correctly, namely to file correctly the Amended Complaint, to effect proper service upon the Defendants in <u>full</u> compliance with all applicable rules and to comply fully with the Court's individual practices going forward." The Court warned defense counsel that "Plaintiff's failure to timely and completely comply with the above Orders

will result in the dismissal of this case with prejudice."
Despite the Court's warnings and second chance, Plaintiff's
counsel failed properly to re-file and serve the Defendants after
the Court's May 18, 2007 Order, and the Court dismissed the case
with prejudice in an Order dated July 18, 2007.

Having reviewed Plaintiff's Motion, the record in this case,
and the Grounds for Discipline of attorneys set forth in Local
Civil Rule 1.5(b)(1)-(6), the Court has determined that it is
appropriate to refer Gary S. Fish to the Committee on Grievances.
Plaintiff's Motion is GRANTED.

2.  <u>Plaintiff's Motion to Restore Defendant Timothy O'Callaghan
    to the Case</u>

Plaintiff has next moved the Court to restore Defendant
Timothy J. O'Callaghan as a Defendant in this matter.  (Docket #
63)  Plaintiff alleges that both Defendant O'Callaghan,
represented by AUSA Peter M. Skinner, and Plaintiff's former
attorney, Gary S. Fish made misrepresentations to the Court that
were material to the Court's August 24, 2006 Order granting
summary judgment to Defendant O'Callaghan and dismissing him from
the case.  Plaintiff earlier attempted to file a Rule 60(b)
Motion for Reconsideration of the Court's August 24, 2006 Order
on December 30, 2008, but the Motion was improper at that time

4

and not docketed because the case was then on appeal to the Second Circuit and outside this Court's jurisdiction. See Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992). The Court construes Plaintiff's recent Motion to Restore Defendant O'Callaghan to this case as a Rule 60(b) Motion for Reconsideration of the Court's August 24, 2006 Order.

The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp.2d 390, 392 (S.D.N.Y. 2000) (holding that a motion for reconsideration "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.").

In support of his Motion, Plaintiff introduces testimony from other named Defendants Ballard, McCluskey, and Ricigliano before a United States Marshals Service, Office of Internal Affairs Hearing in March 2006, in which Defendants indicate that

Timothy O'Callaghan was a lead detective in the investigation of Plaintiff's brother that allegedly precipitated the constitutional violations that are the subject of Plaintiff's case. (Plaintiff's Notice of Motion to Restore Defendant Timothy O'Callaghan Back Into Civil Case (Docket # 63) at 3.) Plaintiff asserts that the Court's decision of August 24, 2006

> "is not legal because as a matter of law a federal jury trial is where a question of facts should be decided concerning whether or not O'Callaghan . . . stayed at plaintiff's mother's house while (6) other defendants proceeded to plaintiff's home and conducted a search. Also, a jury trial should decide was O'Callaghan the lead investigator/supervisor . . ."

(Pl.'s Notice of Motion to Restore Def. O'Callaghan at 5.) Plaintiff claims that the 56.1 Statement on which the Court relied in part in granting summary judgment to Defendant O'Callaghan was submitted by Plaintiff's attorney, Gary S. Fish without Plaintiff's consent, and that Plaintiff never admitted that Defendant O'Callaghan was not a participant in the alleged unconstitutional search and seizure of Plaintiff's home. However, the testimony of Defendants Ballard, McCluskey, and Ricigliano that Plaintiff himself has submitted only adds further evidence in support of the finding that Defendant O'Callaghan was never at Plaintiff's home. Each Defendant testified to that fact. (Interviews of Thomas Ballard, Sean McCluskey and Nicholas Ricigliano, United States Marshals Service Office of Internal

6

Affairs, at Pl.'s Notice of Motion to Restore Def. O'Callaghan, Exs. B-D.) Even without Plaintiff's admission, the Court is satisfied, based on all the evidence before it, that there is no question of material fact surrounding whether or not Defendant O'Callaghan was at Plaintiff's home during the alleged search and seizure. Further, that Defendant O'Callaghan was a lead detective over the investigation of Plaintiff's brother is irrelevant if he was not personally involved in the purported unconstitutional conduct at Plaintiff's home. See Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006). Plaintiff has pointed to no new data that alters the conclusion reached by the Court in its August 24, 2006 decision granting summary judgment to Defendant O'Callaghan. Plaintiff's Motion to Restore Defendant O'Callaghan to the case is DENIED.

3.  Plaintiff's Motion to Reconsider Disciplinary Proceedings against AUSA Peter Skinner

Plaintiff has introduced no new evidence or case law in his Motion to Reconsider Disciplinary Proceedings against AUSA Peter Skinner to alter the Court's denial of Plaintiff's Motion on August 4, 2009. Plaintiff's Motion for Reconsideration is therefore DENIED.

4.  <u>Plaintiff's Motion to Compel Defendants to Provide (3)</u>
    <u>Federal Marshals' Names for Discovery Purposes</u>

Plaintiff's final Motion (Docket # 65) is inappropriately styled as a Motion and should be addressed by Plaintiff in a letter to Magistrate Judge Fox, to whom this case is currently referred, as a general pre-trial matter. The Clerk is directed to strike Plaintiff's Motion (Docket # 65) from the Docket.

SO ORDERED.

Dated:   New York, New York
         September 29, 2009

_____
Deborah A. Batts
United States District Judge