UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BENJAMIN CUNNINGHAM,

                    Plaintiff,

    v.

SEAN McCLUSKEY, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORIGINAL**

05 Civ. 10169 (DAB) (KNF)

**PROTECTIVE ORDER**

       Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Protective Order for the purpose of assuring the confidentiality of certain information that may be disclosed by the parties in the course of discovery proceedings.

       1.     As used in this Protective Order, the term "information subject to Protective Order" includes documents produced by the defendants on June 26, 2008, bearing Bates numbers US52, US60-61, and US66-85, and also includes any information which is disclosed by a party or its counsel in the course of discovery proceedings in this action and which has been designated as "information subject to Protective Order" by the party disclosing it in one or more of the following ways:

       a.     Information set forth in an answer to an interrogatory may be so designated by including the words "Information subject to Protective Order" in the answer.

       b.     Information contained in any document or part thereof may be so designated by marking the words "Information subject to Protective Order" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to counsel for the opposing party, describing the document or part thereof either specifically or by category.

    c. Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given or, after receiving the transcript of the deposition, by giving written notice to counsel for the opposing party of the page and line numbers designated as "Information subject to Protective Order."

  2. "Information subject to this Protective Order" disclosed to opposing parties or its counsel during the course of discovery proceedings in this action:

    a. Shall be used by the opposing party and counsel only for purposes of this action;

    b. Shall not be published to the public in any form by the opposing party or counsel, nor used by the opposing party for any business or commercial purposes;

    c. Shall be disclosed by the opposing party or its counsel only to the following persons:

      i. the opposing party or attorneys of record for the opposing party, including any attorneys employed by a law firm of record that represents the opposing party;

      ii. secretarial, clerical and paralegal, or student personnel employed full-time or part-time by attorneys or a law firm that represents the opposing party;

      iii. independent (non-employee) expert witnesses or advisors retained by the opposing party in connection with this action;

      iv. officers and managerial or supervisory personnel of the opposing party;

     v.  court reporters or stenographers engaged to record deposition testimony, and their employees;

     vi.  such other persons as hereafter may be authorized by the Court upon motion of either party.

  3.  A copy of this Protective Order shall be delivered to each of the named parties and to each person within paragraphs 2.c.iii, 2.c.iv, and 2.c.vi above to whom a disclosure of confidential information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Protective Order shall be binding upon each such person to whom disclosure is made.

  4.  The provisions of this Order shall not be construed as preventing:

    a.  Any disclosure of "information subject to Protective Order" by the party that designated the information as such;

    b.  Any disclosure of "information subject to Protective Order" to any judge, magistrate, or employee of this Court for purposes of this action; [handwritten: "various Judge"]

    c.  Any disclosure of "information subject to Protective Order" for the purpose of the enforcement of the criminal laws.

  5.  All information subject to treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any "information subject to Protective Order," shall be filed under seal and kept under seal until further order of the Court. Where possible, only the portions of filings with the Court containing "information subject to Protective Order" shall be filed under seal.

6.  This Protective Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information, or other confidential matter; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (c) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Protective Order; or (d) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any confidential information.

7.  Upon the conclusion of this litigation, all "information subject to Protective Order" supplied by any producing party and all copies thereof, shall be returned to the producing party or such discovery material shall be certified to have been destroyed.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

8. Nothing in this Order shall preclude a party from offering "information subject to Protective Order" into evidence at the trial of this action.

SO ORDERED.

Dated: New York, New York
       October 2, 2009

_/s/ Kevin Nathaniel Fox_
THE HONORABLE KEVIN N. FOX
United States Magistrate Judge