USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/11

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
BENJAMIN CUNNINGHAM,

                         Plaintiff,         05 CV 10169 (DAB)
          -against-                          ORDER

DUSM SEAN MCCLUSKEY,
DUSM THOMAS BALLARD,
DUSM NICHOLAS RICIGLIANO,
DUSM MANNY PURI,
DUSM JERRY SANSEVERINO, and
NYPD DETECTIVE MARY HALPIN,

                         Defendants.
-------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On March 3, 2011, United States Magistrate Judge Kevin N. Fox issued a Report and Recommendation ("Report"), recommending that Plaintiff's Motions for Summary Judgment (Docket ## 117, 118, and 120) be DENIED in their entirety. (Report at 2, 4.) For the reasons set forth below, this Court having conducted the appropriate levels of review following the objections of Plaintiff, the Report and Recommendation of Magistrate Judge Fox dated March 3, 2011 shall be adopted in its entirety. Accordingly, the Plaintiff's Motions for Summary Judgment are DENIED.

I.   Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve

and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

2

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

Pro Se Plaintiff filed timely objections to Magistrate Judge Francis' Report. Plaintiff's objections raise numerous arguments as to why this Court should strike the Report, as well as challenges to previous rulings and to orders issued by Judge Fox subsequent to the Report. The Court takes each of Plaintiff's arguments in turn, applying a de novo review as appropriate whenever Plaintiff's arguments concern a specific finding in the Report.

II. Plaintiff's Objections

Plaintiff initially objects to the issuance of the Report, on the grounds that Magistrate Judge Fox lacks jurisdiction to

conduct proceedings in this civil matter.(See Pl.'s Obj., Docket # 168, at 2-4.)  As grounds, Plaintiff argues that "In federal courts, all federal criminal cases have the legal protection under the 14th amendment to either DENY or CONSENT to a Magistrate Judge being designated by a district court judge." (Id. at 2.) Plaintiff cites U.S. Const. Art II. sec. 2, the 14th Amendment, and Buckley v. Valeo, 424 U.S. 1, and requests that the Report be stricken "due to lack of federal jurisdiction issues because a civil party should be treated the same as a criminal party under the Federal Magistrate Act." (Id. at 4.) Construed broadly to raise the strongest arguments it suggests, Plaintiff's objection thus appears to challenge the constitutionality of the Magistrates Act on the grounds that Magistrate Judges are not appointed by the President and confirmed by the Senate.[1]

Plaintiff's argument is without merit, even if he were correct that civil and criminal matters must be treated identically under the Constitution. The Magistrates Act adequately protects the rights of litigants through the very mechanism Plaintiff is now exercising: the objections process,

---

[1] Though Plaintiff repeatedly argues that he never consented to the reference to Magistrate Judge Fox, the Magistrates Act does not require the consent of parties. See 28 U.S.C. § 636(b)(1).

4

triggering de novo review by the District Court. United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406 (1980) (examining the same code section under which this case was referred to Magistrate Judge Fox, explaining that "Congress made clear . . . that the magistrate acts subsidiary to and only in aid of the district court. . . . [T]he entire process takes place under the district court's total control and jurisdiction," and finding that the Magistrates Act is constitutional).

Plaintiff next objects to the issuance of the Report on the ground that no Complaint is currently pending in this matter. (Pl.'s Obj. at 5-6.) To support his position, Plaintiff recounts the following procedural history:

On August 24, 2006, this Court dismissed Plaintiff's original Complaint without prejudice, allowing Plaintiff to file an amended complaint in this matter.

On May 18, 2007, this Court dismissed the Amended Complaint, without prejudice, for failure to serve and file it properly, and directed Plaintiff properly to serve and file the Amended Complaint within twenty days. (Docket # 36.)

On July 18, 2007, this Court dismissed the Amended Complaint, with prejudice, for failure properly to serve and file, as directed in this Court's May 18, 2007 Order.

On April 16, 2009, the Second Circuit vacated this Court's

5

July 18, 2007 Order dismissing the complaint with prejudice and remanded this case for further proceedings.

On November 10, 2010, Defendants waived service of the Amended Complaint. Therefore, despite Plaintiff's protestations to the contrary, the Amended Complaint is in fact the operative complaint in this matter, despite Plaintiff's ongoing failure to serve it on Defendants or file it with the Court.

Plaintiff next objects to the Report's finding that his August 9, 2010 and August 16, 2010 Motions for Summary Judgment should be dismissed on the grounds that his Amended Complaint does not contain a claim for relief based on the alleged bus collision on which those Motions seek summary judgment. In addition to again arguing that there is no operative complaint in this matter, Plaintiff specifically alleges that "Plaintiff's Original/Amended Complaints have claimed that part of plaintiff's sustained injuries are from defendants' MTA Bus Accident issue." (Pl.'s Obj. at 7.)  This Court has reviewed the Amended Complaint, and it contains no reference to the alleged bus accident.  Accordingly, Plaintiff's objection is without merit.

The remainder of Plaintiff's objections are to prior or subsequent Orders issued by this Court or by Magistrate Judge Fox, and are not specifically addressed to the Report or its findings.  Those "objections" are therefore disregarded.

6

III. Conclusion

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Kevin N. Fox dated March 3, 2011, this Court APPROVES, ADOPTS, and RATIFIES the Report in its entirety. Accordingly, Plaintiff's Motions for Summary Judgment, docketed at ## 117, 118, and 120, are DENIED in their entirety.

SO ORDERED.

Dated:   New York, New York

March 28, 2011

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge