USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BENJAMIN CUNNINGHAM,

                    Plaintiff,

    -against-

DUSM SEAN MCCLUSKEY,
DUSM THOMAS BALLARD,
DUSM NICHOLAS RICIGLIANO,
DUSM MANNY PURI,
DUSM JERRY SANSEVERINO, and
NYPD DETECTIVE MARY HALPIN,

                  Defendants.
------------------------------------X

05 CV 10169 (DAB)
**ADOPTION OF**
**REPORT & RECOMMENDATION**

DEBORAH A. BATTS, United States District Judge.

    This matter is now before the Court on the Report and
Recommendation of United States Magistrate Judge Kevin N. Fox
dated June 21, 2011 (the "Report").  The Report recommends that
Defendants' Motion for Summary Judgment (Docket # 121) be GRANTED
in part and  DENIED in part. (Report at 15-16.)   For the reasons
set forth below, this Court having conducted the appropriate
levels of review following the objections of Parties, the Report
shall be adopted as to its factual findings, Report at 2-5, as
augmented by the additional facts contained herein.  The Report's
legal conclusions shall be modified as detailed herein.
Accordingly, Defendants' Motion for Summary Judgment is GRANTED
in its entirety.

I.   Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate

2

levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate.  28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

Pro Se Plaintiff has filed two separate Affirmations in Opposition to the Report, in which he objects to the Report's conclusions concerning his excessive force claim and his Fifth Amendment claim for deprivation of property without due process.[1]

---

[1]Though the Amended Complaint in this matter contains a single count which seeks recovery for Unreasonable Search and Seizure under the Fourth Amendment, Magistrate Judge Fox appropriately construed it to raise additional claims, as detailed in the Report at FN2. See Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (citation omitted) (construing pro se litigant's complaint to raise the strongest arguments it suggested).

Docket ## 184-85.  Defendants have filed timely objections to the Report's conclusions concerning Plaintiff's claim for unreasonable search and seizure in violation of the Fourth Amendment. Docket # 183. The Court takes each in turn, applying a de novo review to the Report's findings as appropriate.


II.  The Objections


A. Plaintiff's Objections Regarding Excessive Force

     In his Affirmation in Opposition to Magistrate Judge Fox's Excessive Force Decision, Docket # 185 (the "Excessive Force Objections"), Plaintiff raises objections to the Report's recommendation that Defendants be granted summary judgment on Plaintiff's excessive force claims, which the Report recommends be dismissed.

     As an initial matter, the Court observes that Plaintiff's Excessive Force Objections, which were submitted under penalty of perjury, repeatedly allege that former Defendant Timothy J. O'Callaghan guarded Plaintiff during some portion of the search conducted at Plaintiff's home.  On August 24, 2006, the Court dismissed the original complaint as against former Defendant O'Callaghan, finding that "[i]t is clear from Plaintiff's own submissions that Defendant O'Callaghan was not a participant in

4

the alleged unconstitutional search and seizure of Plaintiff's
home and his person." On September 29, 2009, in denying the
plaintiff's motion to restore former Defendant O'Callaghan to the
action, the Court found that "[e]ven without Plaintiff's
admission, the Court is satisfied, based on all the evidence
before it, that there is no question of material fact surrounding
whether or not Defendant O'Callaghan was at Plaintiff's home
during the alleged search and seizure." In an Order dated March
28, 2011, adopting Judge Fox's Report and Recommendation dated
March 3, 2011, the Court ratified and adopted Judge Fox's finding
that Plaintiff's affidavits dated August 12, 2010 and December
23, 2010, in which he first introduced his claim that former
Defendant O'Callaghan guarded him during the search of his home,
were made in bad faith.  Accordingly, Plaintiff's allegations
attributing conduct to former Defendant O'Callaghan shall not be
considered.

Plaintiff next objects that the Report, in finding that his
alleged injuries were de minimus, does not account for the
additional injuries he claims to have suffered as a result of
running into the side of a bus while fleeing, in handcuffs, from
the custody of the marshals.  This, too, is an issue that has
been previously litigated numerous times in the course of this
action.  As the Court has repeatedly found, most recently in

adopting Judge Fox's March 3, 2011 Report, the Amended Complaint does not contain a claim for relief based on the alleged bus collision.  Accordingly, Plaintiff's Objection based on the alleged bus accident is without merit and appears to have been raised in bad faith, to harass, or with a purpose to delay resolution of this action.  Moreover, were the Court to reach the merits of Plaintiff's claim for damages based on having run into a bus while fleeing custody, it would find the claim to be without merit, since Plaintiff's unprovoked, independent, and unforeseeable decision to run into the road while handcuffed was a superceding cause of his injuries, if any.  See Higazy v. Templeton, 505 F.3d 161, 176-78 (2d Cir. 2007) (applying tort causation concept of "superceding cause" to Bivens action to vindicate constitutional rights).

The remainder of Plaintiff's Excessive Force Objections are to other Orders issued by this Court or by Magistrate Judge Fox, and are not specifically addressed to the Report or its findings. Those "objections" are therefore disregarded.


B. Plaintiff's Objections Regarding the Fifth Amendment Claim


The Report recommends that Plaintiff's Fifth Amendment claim for deprivation of privacy be denied because, assuming arguendo

that procedural due process violations may be asserted in a Bivens suit, intentional deprivation of property does not constitute a violation of procedural due process when there is a meaningful post-deprivation remedy for the loss.  Report at 13-14.  Here, as the Report properly found, the Federal Tort Claims Act ("FTCA") provides a meaningful post-deprivation remedy, of which Plaintiff failed to avail himself.  Report at 14-15.

In his Affirmation in Opposition to Magistrate Judge Fox's FTCA Decision, Plaintiff contends that he exhausted all available post-deprivation remedies by filing various departmental complaints against Defendants; by applying for compensation through the Federal and New York State offices for victims of crime, which provide compensation and financial assistance to certain victims of violent crime; and by filing suit against the Department of Justice's Office for Victims of Crimes when he was denied compensation by that office.  Docket # 184 at 1-7.

Plaintiff has not cited, and the Court cannot independently locate, any authority supporting Plaintiff's contention that the actions he claims to have taken are the functional and legal equivalent of seeking recovery under the FTCA.[2]  Nor has

---

[2]Plaintiff's citation to 42 U.S.C. § 112, which provides for the removal of revenue officers from ports when those ports are affected by epidemics of contagious disease, is of little assistance to the Court.  See Docket # 184 at 4; 42 U.S.C. § 112.

Plaintiff demonstrated the insufficiency of the FTCA as a remedy
for the deprivation he alleges.  Accordingly, the Court concludes
that Plaintiff's Objection to the Report's findings concerning
his Fifth Amendment claim is without merit.

C. Defendants' Objections

    Defendants filed timely Objections to the Report's finding
that Defendants are not entitled to qualified immunity with
respect to Plaintiff's Fourth Amendment claims.  Docket # 183.

    Defendants have variously represented that a confidential
informant told them (1) that the fugitive they were seeking lived
with his mother, or (2) that the fugitive lived either with his
mother or with his brother, the Plaintiff. Because it is unclear
whether the confidential informant in fact told Defendants that
the fugitive lived with Plaintiff, the Report concluded that
disputed issues of fact warrant denial of summary judgment as to
whether Defendants are entitled to qualified immunity.  Report at
8-10.  Defendants object that the discrepancy the Report has
identified is not material because the Marshals had a reasonable
basis to believe that the fugitive resided with Plaintiff even if
the informant never asserted as much.

    For reasons that follow, the Court now holds that a jury

could find that reasonable officers could differ as to whether
there was a reasonable basis to believe the fugitive resided at
Plaintiff's address.  Accordingly, the Court finds that
Defendants are entitled to qualified immunity on Plaintiff's
Fourth Amendment claim based on their search of his house, which
must be dismissed.

A government official "is entitled to qualified immunity if
his actions do not 'violate clearly established statutory or
constitutional rights of which a reasonable person would have
known' or 'if it was objectively reasonable' for the public
official to believe that his actions were lawful at the time of
the challenged act." Field Day, LLC v. County of Suffolk, 463
F.3d 167, 191 (2d. Cir. 2006) (quoting McClellan v. Smith, 439
F.3d 137, 147 (2d Cir. 2006)). Consistent with the Fourth
Amendment, a law enforcement officer executing an arrest warrant
may enter a home, without a search warrant, when he has "a
reasonable belief" that the subject of the arrest warrant
"resides at the place to be entered" and "is present." United
States v. Lauter, 57 F.3d 212, 215 (2d Cir. 1995). Summary
judgment on qualified immunity is appropriate when "a jury,
viewing all facts in the light most favorable to the plaintiff,
could conclude that officers of reasonable competence could
disagree on the legality of the defendant's actions." Cerrone v.

9

Brown, 246 F.3d 194, 202 (2d Cir. 2001).

Here, it is undisputed that Defendants believed that the fugitive they sought, who was born and raised in the Bronx, was living in the Bronx with a member of his family. It is further undisputed that Defendants or other members of the fugitive task force conducted a search of Plaintiff's mother's house immediately before Defendants searched Plaintiff's house. (Pl. 56.1, Docket # 130, at 2.) During that search, Plaintiff's mother made a telephone call to Plaintiff to inform him that Defendants were searching for the fugitive. (Id.; Cunningham Dep. at 47-48.) When Defendants arrived at Plaintiff's house, they found him peering out between the blinds, cell phone in hand, apparently awaiting their arrival. (Ricigliano Decl. ¶ 9; Pl. 56.1, Docket # 130, at 2.)

Under the circumstances, a jury viewing the facts in the light most favorable to Plaintiff could conclude that officers of reasonable competence could disagree (1) whether it was objectively reasonable to believe that the fugitive resided with Plaintiff and was on the premises, and (2) whether a search of Plaintiff's home was therefore constitutionally permissible. Accordingly, Defendants are entitled to qualified immunity.

III. Conclusion

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Kevin N. Fox dated June 21, 2011, the Court APPROVES, ADOPTS, and RATIFIES the Report as modified herein. Defendants' Motion for Summary Judgment, docketed at # 121 in this matter, is GRANTED in its entirety.  The Clerk of Court is directed to enter judgment in favor of Defendants and to close the docket in this case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated:    New York, New York

          August   8   , 2011

                              _Deborah A. Batts_
                              DEBORAH A. BATTS
                         United States District Judge

11